UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMON L. STEPHENS,

  CRIMINAL CASE NO. 06-CR-20365
 *Petitioner*,  CIVIL CASE NO. 11-CV-14377

*v.*  DISTRICT JUDGE THOMAS LUDINGTON
  MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES OF AMERICA,

 *Respondent*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 75)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II. REPORT**

 **A. Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion to vacate Damon L. Stephens's federal custodial sentence, which was filed pursuant to 28 U.S.C. § 2255. (Doc. 75.) Respondent submitted a response (Doc. 76) and Petitioner Stephens (hereafter "Stephens") filed a reply (Doc. 81). Therefore, I conclude that, pursuant to E.D. Mich. LR 7.1(f)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Stephens was charged in a two-count indictment with: (1) distribution of less than 500 grams of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1); and (2) possession with intent to distribute less than five grams of a substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). On August 29, 2006, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Stephens had been previously convicted of a felony drug offense and thus was subject to enhanced penalty provisions. (Doc. 14.) Another Notice of Penalty Enhancement was filed on January 25, 2007, specifying Stephens as a career offender. (Doc. 31.) On March 12, 2007, Stephens's counsel filed a motion in limine seeking to prevent the government from offering evidence of Stephens's 2003 conviction for delivery of less than 50 grams cocaine and delivery of marijuana. (Doc. 35.)

On March 13, 2007, Stephens's trial began. On March 15, 2007, the Court entered an order denying Stephens's motion in limine for "reasons stated more fully on the record . . . that evidence of Defendant's prior conviction of delivery of cocaine was consistent with a plan of drug trafficking, particularly in light of the drug trafficking charge in Count 1 of the indictment, and admissible with respect to Defendant's defense of personal use of the controlled substance in count 2." (Doc. 37 at 1.) On March 15, 2007, the jury returned guilty verdicts on both counts of the indictment. (Doc. 39.) On July 16, 2007, Stephens appeared for sentencing and on July 18, 2007, judgment was entered and Stephens was committed to the Bureau of Prisons for 270 months on Count 1 and 36 months on Count 2, "to run concurrently to each other but consecutively to any sentence the defendant is presently serving." (Doc. 51 at 2.)

Stephens appealed his conviction and sentence and on November 26, 2008, the Sixth Circuit affirmed the conviction but vacated Stephens's sentence and remanded the case for resentencing.

(Doc. 62.) Stephens argued on appeal – as he did in his motion in limine and in the instant petition – that evidence of his 2003 conviction for distribution of cocaine should not have been admitted into evidence under Rule 404(b). The Sixth Circuit held that Stephens was "likely correct," since the evidence was admitted to demonstrate the intent to distribute and the Sixth Circuit had recently held that prior drug distribution convictions may not be used to demonstrate the intent to distribute drugs in unrelated cases. *United States v. Stephens*, 549 F.3d 459, 463 (6th Cir. 2008). In addition, the Sixth Circuit noted that the "district court's instructions to the jury did not limit consideration of the past conviction to Stephen's intent" because "[i]t also told the jurors they could consider the evidence as it related to Stephens's 'opportunity and knowledge,' matters that were not at issue in this case." *Id.* The Court "ultimately conclude[d], however, that even if the prior conviction was not admissible to show intent or for any other proper Rule 404(b) purpose, and despite the district court's imprecision in dealing with the prior bad acts evidence, any error related to this evidence does not warrant the reversal of Stephens's conviction" because "overwhelming direct evidence" rendered any error "harmless." *Id.* at 464.

As to sentencing, the Sixth Circuit held that since the district court briefly referred to the § 3553(a) factors and "both defense counsel and the district judge referred only to *departures*, which leaves us in doubt as to whether the court fully considered its discretion to *vary* from the sentencing Guidelines range," the case was remanded to allow the court to give a "more thorough response to Stephens's arguments." *Id.* at 467 (emphasis in original).

Stephens appeared for resentencing on March 3, 2009, and one week later an amended judgment was entered committing Stephens to the custody of the United States Bureau of Prisons for "270 months on Count 1 and 36 months on Count 2 . . . to "run concurrently to each other but

3

consecutively to the state sentence the defendant was serving prior to being transferred to federal custody on 09/11/2007." (Doc. 69 at 2.)

Stephens again appealed and the Sixth Circuit held that it would not reconsider its prior holding that any error associated with the decision to admit other acts evidence under Rule 404(b) was harmless under the law of the case doctrine. *United States v. Stephens*, 385 Fed. App'x 491, 495 (6th Cir. 2010). The Sixth Circuit held that Stephens's 270-month sentence was both procedurally and substantively reasonable. *Stephens,* 385 Fed. App'x at 496-97.

### C.     Arguments of the Parties

Stephens argues that his trial counsel was ineffective under the Sixth Amendment: (1) "when counsel without any objections permitted the district court to erroneously violate the three-step process for admission under Federal Rule of Evidence 404(b)"; (2) "when defense counsel erroneously failed pursuant to Federal Rule of Evidence 105 to request that the district court issue a limiting jury instruction"; (3) "when defense counsel without any objections allowed the district court not to undertake the proper application of federal rule rules [sic] evidence 403's balancing requirement upon admission of the Petitioner's prior 2003 drug-trafficking conviction in order to prove opportunity and knowledge"; and (4) "when defense counsel permitted the district court without any objections to incorrectly instruct the jury on the specific purpose for which they were to consider the admitted evidence, as well as failing to properly instruct the jury whether the admitted evidence were to be considered in regards to both charges or only one." (Doc. 75 at 14-26.)

Respondent contends that Stephens's ineffective assistance of counsel claims all revolve around the same claims raised and actually litigated on direct review. (Doc. 80 at 4.) Respondent further argues that Stephens cannot relitigate under § 2255 claims that were actually decided on

4

direct review except in unusual circumstances not presented here. (Doc. 80 at 4-5.) Respondent further argues that Stephens is not entitled to an evidentiary hearing. (Doc. 80 at 5.)

**D.     Governing Law**

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez*

*v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

6

### E.      Analysis and Conclusions

Stephens's contention that trial counsel was ineffective, although framed as separate four issues, actually challenges only two aspects of his trial: admission of 404(b) evidence of his 2003 conviction for distribution of cocaine and the jury instructions limiting the purpose for which the 404(b) evidence was admitted. (Doc. 75 at 14-26.) On direct appeal, the Sixth Circuit addressed both matters and held that the alleged errors were harmless. *Stephens*, 549 F.3d at 463-64.[1]

Since the appellate court addressed the issues underlying Stephens's ineffective assistance claim, I suggest that Stephens's claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Stephens has alleged no such exceptional circumstances justifying further review, and the record reveals none.

It could be argued that these precise issues were not raised on direct appeal because now they are brought under the rubric of ineffective assistance of counsel. However, where the appellate court has held that the errors alleged were harmless, any claims that an attorney was ineffective for failing to raise these same errors are also procedurally barred. *United States v. Ramirez*, 327 Fed. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance") (citations omitted).

Stated differently, a petitioner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v.*

---

[1]After remand and appeal, the Sixth Circuit held that it would not reconsider its prior holding that any error associated with the decision to admit other acts evidence under Rule 404(b) was harmless under the law of the case doctrine. *United States v. Stephens*, 385 Fed. App'x 491, 495 (6th Cir. 2010).

*United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Stephens now contends that his trial counsel was ineffective for failing to prevent errors that the Sixth Circuit has held to be harmless. Since the alleged errors were harmless, any failure on the part of counsel for not raising them could not have prejudiced Stephens as required under *Strickland*. *See Lockhart*, 506 U.S. at 369.

I therefore suggest that Stephens has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. Accordingly, I suggest that Stephens's section 2255 motion be denied.

### F. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "We have observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the petition's allegations "cannot be accepted as true because they are contradicted by the record,

inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Stephens cannot show any prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Stephens is not entitled to a hearing on the allegations raised in his petition.

### III.  **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

9

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

|  |  |
|---|---|
|  | s/ Charles E. Binder |
|  | CHARLES E. BINDER |
| Dated: January 5, 2012 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Damon L. Stephens #26374039, McDowell FCI, P.O. Box 1009, Welch, WV 24801.

Date: January 5, 2012          By       s/Patricia T. Morris
                                        Law Clerk to Magistrate Judge Binder