UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMON L. STEPHENS,

    Petitioner,

v.                                                                                  Criminal Case Number 06-cr-20365
                                                                                    Civil Case Number 11-cv-14377
UNITED STATES OF AMERICA,                               Honorable Thomas L. Ludington

    Respondent.
_____/

## ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY

On January 15, 2012 Magistrate Judge Charles issued a Report and Recommendation, recommending that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be denied. ECF No. 82. Judge Binder concluded that Petitioner's ineffective assistance of counsel claims are procedurally barred because the appellate court already addressed the issues underlying the claims. In particular, the appellate court found that the evidentiary errors Petitioner alleged were harmless and, as a result, any claims that an attorney was ineffective for failing to raise these same errors are also procedurally barred. Alternatively, Judge Binder concluded that even if the claims were not procedurally barred, any failure on the part of counsel for not preventing the alleged errors that the Sixth Circuit concluded were harmless could not have prejudiced Petitioner as required under *Strickland v. Washington*, 466 U.S. 668 (1984). Finally Judge Binder concluded that an evidentiary hearing on Petitioner's motion was unnecessary because there was no material factual dispute that a hearing could address and "the files and the records of the case conclusively show[ed] that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). The Court adopted Judge Binder's report and recommendation on February 24, 2012. ECF No. 85.

Now before the Court is Petitioner's application for a certificate of appealability. ECF No. 91. Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  A certificate of appealability is not warranted in this case.

Accordingly, it is **ORDERED** that Petitioner's application for certificate of appealability (ECF No. 91) is **DENIED**.

>   s/Thomas L. Ludington  
>   THOMAS L. LUDINGTON  
>   United States District Judge

Dated: June 19, 2012

### **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Damon L. Stephens #26374039, McDowell FCI, P.O. Box 1009, Welch, WV 24801 by first class U.S. mail on June 19, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS