UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,        Case No. 06-cr-20365

v.        Honorable Thomas L. Ludington

DAMON L. STEPHENS,

    Defendant-Petitioner.
_____/

**ORDER TRANSFERRING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION**

On October 3, 2011, Petitioner Stephens filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 75. That motion was denied on February 24, 2012. On June 21, 2017, Stephens filed another motion to vacate his sentence. ECF No. 104.

Under § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In turn, § 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of

Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[3] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, only the Court of Appeals has jurisdiction to review Stephens's claims. His motion will be transferred to the Sixth Circuit.

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** Petitioner Damon Stephens's Motion to Vacate Sentence, ECF No. 104, to the Sixth Circuit Court of Appeals.

Dated: June 29, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 29, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

[3] This statute reads:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

28 U.S.C. § 1631.