UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                         Case No. 06-cr-20365

v.                                                        Honorable Thomas L. Ludington

DAMON L. STEPHENS,

      Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS, DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE, AND DENYING MOTION TO APPOINT COUNSEL**

On March 15, 2007, a jury convicted Defendant Damon L. Stephens of one count of distributing less than five hundred grams of a substance containing cocaine and one count of possessing less than five grams of a substance containing cocaine base. ECF No. 39. He was sentenced to 270 months of incarceration for the first count and 36 months of incarceration for the second count, to be served concurrently. ECF No. 69.

Defendant has now filed a motion for compassionate release due to the spread of COVID-19 and a motion for appointment of counsel. ECF Nos. 108, 109. The Government filed a motion to dismiss Defendant's motion because Defendant has not yet exhausted his administrative remedies with the Bureau of Prisons ("BOP"). ECF No. 110.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of

rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

## II.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

18 U.S.C. §3582(c)(1)(A)(i)

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant does not claim to have exhausted his claims with the BOP nor does he provide documentation demonstrating as such. Furthermore, the Government represents that the BOP does not have any record of Defendant making a request for compassionate release with the BOP prior to filing his current motion. ECF No. 110 at PageID.718. His motion for compassionate release will be denied without prejudice.

### III.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could

not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not satisfied the high burden of demonstrating that appointment of counsel is warranted. His motion is premature and he does not require an attorney in order to file a request with the warden for compassionate release.

**IV.**

According, it is **ORDERED** that the Government's Motion to Dismiss, ECF No. 110, is **GRANTED**.

It is further **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 108, is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 109, is **DENIED**.

Dated: June 16, 2020                                       s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Damon L. Stephens** #26374-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on June 16, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager