UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No. 06-CR-20365
                                     Honorable Thomas L. Ludington

DAMON L. STEPHENS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On March 15, 2007, a federal jury convicted Defendant Damon L. Stephens of one count of distributing cocaine and one count of possessing cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 39. He was sentenced to concurrent prison terms of 270 months for the first count and 36 months for the second count. ECF No. 69. On May 20, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 108. The motion was denied without prejudice for failure to exhaust administrative remedies. ECF No. 111. On June 9, 2020, Defendant filed a *pro se* motion for a two-point reduction of his sentence pursuant to section 404 of the First Step Act of 2018. ECF No. 113. On July 27, 2020, Defendant refiled his motion for compassionate release and included documentary evidence of exhaustion. ECF No. 116. On September 28, 2020, both the motion for First Step Act relief and the refiled motion for compassionate release were denied. ECF No. 127. Defendant now moves *pro se* for reconsideration of the September 28 order (the "Order"). ECF No. 128. For the reasons stated below, Defendant's motion for reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**II.**

**A.**

First, Defendant argues that this Court errored by not granting First Step Act relief because it "overlooked the fact that [he] was not convicted of a conspiracy to possess cocaine or crack but the underlying charges [] that are covered by the First Step Act." ECF No. 128 at PageID.1009. Defendant seems to misconstrue the Order. Defendant was not convicted of a conspiracy offense, and the Order does not state otherwise. *See* ECF No. 127. The verdict sheet and amended judgment indicate quite clearly that Defendant was convicted of one count of distributing cocaine and one count of possessing cocaine base. *See* ECF Nos. 39, 69. As the Order explained,

> Defendant is not eligible for relief under the 1SA [First Step Act] because he was not sentenced for a "covered offense." Count 1 was for distributing less than five hundred grams of cocaine. ECF No. 39. "Neither Section 2 nor Section 3 of the Fair Sentencing Act altered the amount of powder cocaine required to trigger the statutory penalty ranges." *United States v. Carbe*, 797 F. App'x 901, 902 (5th Cir. 2020) (holding that sentences for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine were ineligible for reduction under the 1SA); *see also United States v. Luna*, 436 F. Supp. 3d 478, 482 (D. Conn. 2020) ("The Fair Sentencing Act did not modify the penalties for a crime involving five kilograms of powder cocaine, however, and powder cocaine offenses are therefore not 'covered offenses' for purposes of the First Step Act."). Accordingly, Defendant's 270-month sentence for Count 1 is not reducible under the 1SA.
>
> Similarly, while Section 3 of the [Fair Sentencing Act] increased the five-year mandatory minimum threshold from 5 grams of cocaine base to 28 grams, Count 2 was for possession of less than five grams of cocaine base. ECF No. 39. Therefore, Defendant's 36-month sentence for Count 2 is not reducible under the 1SA. Accordingly, Defendant fails to satisfy the initial step of the 1SA inquiry. His motion for relief under the 1SA will be denied.

ECF No. 127 at PageID.995–96. Therefore, Defendant's convictions were not overlooked, and he was not improperly denied First Step Act relief.

**B.**

Defendant next asserts that his health condition is extraordinary and compelling "as conceded by [the] AUSA." ECF No. 128 at PageID.1011. However, the Government never conceded the issue and, in fact, argued that Defendant's medical conditions were insufficient. ECF No. 121 at PageID.777–80. Additionally, Defendant's medical records and briefing were thoroughly considered in the Order. *See* ECF No. 127 at PageID.1000–05. Defendant points to no specific defect in the analysis, and a motion for reconsideration is not an opportunity to reargue a case. *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). Even if Defendant's health condition was compelling, compassionate release would still be unwarranted given his potential danger to the community and the § 3553 factors. *See* ECF No. 127 at

- 4 -

PageID.998–1006. Based on the foregoing, Defendant has not articulated a palpable defect in the Order that, if corrected, would result in a different outcome.

**III.**

Accordingly, it is **ORDERED** that Defendant Damon L. Stephens' Motion for Reconsideration, ECF No. 128, is **DENIED**.

Dated: November 12, 2020         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Damon L. Stephens** #26374-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on November 12, 2020.

                         s/Kelly Winslow
                         KELLY WINSLOW, Case Manager